<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAY L. THOMAS,** | Civil Action No. 11-2089 |
| **Plaintiff,** | OPINION |
| **v.** | HON. WILLIAM J. MARTINI |
| **NOVA SOUTHEASTERN UNIVERSITY, INC.,** | |
| **Defendant.** | |

<u>**WILLIAM J. MARTINI, U.S.D.J.:**</u>

        This matter comes before the Court on Defendant Nova Southeastern University, Inc.'s ("NSU") motions to dismiss Plaintiff's Complaint and Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b).  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, Defendant's motion is **GRANTED** and Plaintiff's claims are  **DISMISSED**.


## I.    FACTUAL AND PROCEDURAL BACKGROUND

        This case arises out of a contract between Plaintiff and Defendant regarding tuition for online classes.  Plaintiff was an online student at NSU.  (Compl. ¶ 4.)  NSU and

Plaintiff entered an enrollment agreement under which Plaintiff agreed to pay $6,215.00 in tuition for the classes.  (Compl. ¶ 8.)  Plaintiff paid that tuition using a student loan. (*Id.*)  Plaintiff alleges that he withdrew from NSU after he had difficulty attending the online classes for the first ten days, and that under the enrollment agreement NSU owed Plaintiff a refund of 50% of the tuition price.  (Compl. ¶¶ 11-12.)  Plaintiff claims that NSU did not refund 50% of his tuition payment to him directly, and that this amounted to a breach of the enrollment agreement and a violation of the Higher Education Act ("HEA").  Defendant moved to dismiss the complaint on May 26, 2011.  In response, Plaintiff sent a first amended complaint to Defendant, and filed an application for leave to amend the complaint with the Court on June 16, 2011.  (Docket Entry No. 13.)  Even though Plaintiff never officially filed his first amended complaint with the Court, Defendant filed a motion to dismiss the first amended complaint out of an abundance of caution.  (Docket Entry No. 14.)  In Plaintiff's opposition to Defendant's second motion to dismiss, Plaintiff essentially includes a motion to amend and a proposed second amended complaint.  Therefore, since Plaintiff is proceeding *pro se* and since the Court therefore wishes to exercise an abundance of caution, the Counts raised in both versions of the complaint in front of the Court (Plaintiff's complaint and Plaintiff's proposed second amended complaint) will be addressed in evaluating Defendant's motions to dismiss.

2

## II.    DISCUSSION

Plaintiff's two-count original complaint asserts the following claims: (1) breach of contract, and (2) violation of the HEA.  In Plaintiff's proposed second amended complaint (and, according to Defendant, in his first amended complaint), Plaintiff alleges the following two counts: (1) breach of contract, and (2) breach of fiduciary duty. Plaintiff further requests punitive damages in association with his breach of fiduciary duty claim.  Defendant argues, among other things, that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.  Defendant then brought the instant motions to dismiss under Federal Rule of Civil Procedure 12(b)(1), (2), (3) and (6).

### A.    Motion to Dismiss Standard

Since Defendant has brought a facial attack for lack of subject matter jurisdiction under Rule 12(b)(1), the applicable standard of review is "similar to the standard governing a Rule 12(b)(6) motion."  *New Jersey Mfrs. Ins. Co. v. U.S.*, Civ. No. 07-2653, 2008 WL 2168006, at *1 (D.N.J. May 22, 2008).  Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true,[1] the plaintiff

---

[1] This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see Twombly*, 550 U.S. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Furthermore, the Plaintiff must "provide the 'grounds' of his 'entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility..." *Iqbal*, 129 S.Ct. at 1949 (2009).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

**B.      Subject Matter Jurisdiction**

Defendant argues, among various things, that all versions of Plaintiff's complaint should be dismissed because the facts alleged, on their face, do not support subject matter jurisdiction.  Plaintiff, however, asserts jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332.

**1.      28 U.S.C. § 1332**

Plaintiff's various complaints expressly rely on diversity jurisdiction under 28 U.S.C. § 1332 to support subject matter jurisdiction.  Section 1332 provides jurisdiction over state-law claims where the amount in controversy is at least $75,000 and the controversy is between "citizens of different States."  Putting aside any issues regarding the way citizenship of the parties is pleaded in the complaints, Plaintiff's insurmountable issue is the amount in controversy.  Plaintiff is claiming that he is due approximately $4,550.00 in compensatory damages.[2]  Even if Plaintiff were claiming the whole amount he currently owes for tuition, that would only amount to $7,768.75.  Since this is far from the amount in controversy requirement, Plaintiff also requests $100,000 in punitive damages in order to reach the requisite $75,000 amount in controversy.

In its first motion to dismiss, Defendant argues that the punitive damages claim fails as a matter of New Jersey law because punitive damages are not awarded for breach of contract claims.  *See Warren Dist. Co. v. InBev USA L.L.C.*, Civ. No. 07-1053, 2010

---

[2] Plaintiff is claiming 50% of the tuition cost, or $3,107.50, plus the additional $1,443.75 in collection costs that Plaintiff has been charged, for a total of $4,551.25.

WL 2326168, at *11 (D.N.J. June 7, 2010); *Kurnik v. Cooper Health System*, 2008 WL 2829963, at *15-*17 (N.J. Super. A.D. July 24, 2008).  In response, both of Plaintiff's amended complaints drop the HEA claim and add a breach of fiduciary duty claim instead, which does allow for punitive damages under New Jersey law.  However, Defendant further argues that Plaintiff's breach of fiduciary duty claim must be dismissed pursuant to Rule 12(b)(6), as Plaintiff has failed to allege the existence of any special relationship between Plaintiff and Defendant other than that of an ordinary contractual relationship.  The Court agrees.

In order for a fiduciary duty to exist, there must be a "special relationship of trust and confidence" between the parties.  *Trianco, LLC v. IBM*, 271 Fed. Appx. 198, 203 (3d Cir. 2008).  In order to properly plead a breach of fiduciary duty under New Jersey law, Plaintiff must allege: (1) a relationship between two persons where "one person is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship;" and (2) a "violation of that trust."  *F.G. v. MacDonell*, 150 N.J. 550, 563-65, 696 A.2d 697 (1997).  An "ordinary commercial transaction based in contract" does not give rise to a fiduciary duty.  *Wingate Inns, Int'l, Inc. v. HighTech Inn.com, LLC*, Civ. No. 07-5014, 2009 WL 5216978, at *6 (D.N.J. Dec. 29, 2009).  Additionally, insofar as Plaintiff was attempting to stake a fiduciary duty in the relationship between NSU and Plaintiff due to Plaintiff's student loans, New Jersey courts have "universally embraced" the presumption that "there is no fiduciary duty between a borrower and a lender."

6

*Santone-Galayda v. Wachovia Mortg., FSB*, Civ. No. 10-1065, 2010 U.S. Dist. LEXIS 135496, at *47 (D.N.J. Dec. 22, 2010).

Here, Plaintiff's conclusory statements that Defendant "breached its fiduciary duty to Thomas by not processing federal student aid," and that such a fiduciary duty existed because Defendant "had a special relationship of trust and superior knowledge and influence" and "skill of expertise to administer federal student aid" do not amount to stating a claim of a breach of fiduciary duty. (Proposed Second Am. Compl. ¶ 24.) Plaintiff further points to the Program Participation Agreement between NSU and the Department of Education as creating a fiduciary relationship, yet this still does not establish any type of special relationship between NSU and Plaintiff. Since Plaintiff has failed to properly state a breach of fiduciary duty claim, the Court finds that this Count must be dismissed. As such, Plaintiff no longer has a claim supporting a demand for punitive damages, and Plaintiff's claimed compensatory damages, $7,768.75 at most, come nowhere near the $75,000 threshold. Therefore, as to the remaining breach of contract claim, jurisdiction under 28 U.S.C. § 1332 is not supported.

### 2.    28 U.S.C. § 1331

Although Plaintiff does not allege federal-question jurisdiction under 28 U.S.C. § 1331, this Court will consider that provision as well. Plaintiff's original complaint did attempt to allege a federal claim by alleging a violation of the Higher Education Act ("HEA"). However, Defendant argued in its initial motion to dismiss that Plaintiff's

HEA claim must be dismissed as "[t]he express language of the HEA, and the regulations promulgated thereunder, do not 'create a private right of action, and there is nothing in the Act's language, structure or legislative history from which a congressional intent to provide such a remedy can be implied.'" *Morgan v. Markerdowne Corp.*, 976 F. Supp. 301, 319 (D.N.J. 1997) (quoting *L'ggrke v. Benkula*, 966 F.2d 1346, 1348 (10th Cir. 1992)). Plaintiff then dropped the HEA claim in his proposed second amended complaint. The Court agrees with Defendant that the HEA does not create a private right of action, and that since Plaintiff cannot assert a claim under that federal statute he has no possibility of invoking federal-question jurisdiction under 28 U.S.C. § 1331. As such, the Court can discern no basis for asserting jurisdiction over this action.[3]

## III.    CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction. An Order accompanies this Opinion.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

**Date: July 27, 2011**

---

[3] To the extent any supplemental jurisdiction would have been available, the Court declines to exercise it. *See* 28 U.S.C. § 1367(c)(3) (allowing district courts to decline exercising supplemental jurisdiction where all claims over which the court has original jurisdiction have been dismissed).